Citation Nr: AXXXXXXXX
Decision Date: 05/27/21 Archive Date: 05/27/21

DOCKET NO. 210427-156036
DATE: May 27, 2021

REMANDED

The issue of service connection for a neurologic disorder manifested by involuntary movements in his limbs, imbalance, difficulty swallowing, and hoarseness, is remanded. 

The issue of service connection for an acquired psychiatric disorder is remanded.

REASONS FOR REMAND

The Veteran served in the U.S. Air Force from June 1962 to June 1970. He served in the Republic of Vietnam and at Udorn Royal Thai Air Force Base.

The Board has identified duty to assist errors and the matters are REMANDED for the following action:

1. BACKGROUND FOR THE RO ADJUDICATOR:

The RO committed a pre-decisional duty to assist error by not associating records submitted to VA with the Veteran's file. The Veteran's VA treatment records include many references to outside records, both from private providers and providers to whom VA referred the Veteran. The VA treatment records state that the outside records were input into CPRS and/or VistA and are available for viewing in those systems. The Board does not have access to those files and the records must be associated with the Veteran's file.

The RO also committed pre-decisional duty to assist errors when it failed to obtain adequate VA examinations and opinions. 

As to the neurologic disorder, a December 2017 VA treatment record states that the Veteran reported that his private primary care physician and a neurologist diagnosed him with "essential tremor and onset Parkinson's disease." VA treatment records indicate a diagnosis of functional neurological symptom disordermotor symptoms. An August 2020 VA central nervous system examination report states a diagnosis of functional movement disorder. The August 2020 VA examiner failed to explain why the diagnosis conflicted with other diagnoses in the record. It is also unclear whether the examiner reviewed the records referenced above that are not in the Veteran's file but only available in CPRS and/or VistA. Additionally, the VA opinion only addressed whether this disorder was caused by the Veteran's acquired psychiatric disorders. It did not address whether it was aggravated by the acquired psychiatric disorders. Separate causation and aggravation opinions are required. See, e.g., Atencio v. O'Rourke, 30 Vet. App. 74, 90 91 (2018). Lastly, no opinion was obtained as to whether the disorder was caused by or originated in service, including by the Veteran's presumed exposure to herbicide agents or whether his complaints at service separation of pain, swelling, and stiffness in his hands indicated the onset of the disorder(s). 

As to the acquired psychiatric disorder, the VA examiner who conducted the August 2020 VA posttraumatic stress disorder (PTSD) examination stated that the Veteran's acquired psychiatric disorders were not caused by service because the Veteran did not undergo any mental health treatment while in service, did not seek treatment until more than 20 years after service separation, and did not link his current disorders to experiences that occurred while he was in Vietnam. 

This is inadequate because in service diagnosis or treatment is not necessary for service connection. See 3.303(d). 

It is also inadequate because the examiner did not discuss a September 2019 VA mental health treatment record where the Veteran reported that some of his current psychiatric symptoms began in or were a result of his service in Vietnam and he is competent to report this treatment, although his credibility is a separate determination after all the evidence has been obtained. 

The examiner also did not provide an opinion as to whether the acquired psychiatric disorders were caused or aggravated by the Veteran's service-connected disorders despite several VA treatment records stating that the psychiatric disorders were secondary to his other medical disorders.

2. Associate with the Veteran's VBMS record all treatment records which were provided to VA and which currently only reside in CPRS and/or VistA. References to records are listed in VBMS CAPRI records on the following dates. Some VBMS entries indicate multiple sets of records were associated with CPRS and/or VistA on that date.

*May 2016

*March 2017

*April 2017

*December 2017

*January 2018

*September 2018

*October 2018

*February 2019

*October 2019

*February 2020

*March 2020

*May 2020

3. AFTER ASSOCIATING THE ABOVE RECORDS WITH THE FILE, return the file to the VA examiner who conducted the August 2020 VA central nervous system examination. If the examiner is not available, have the file reviewed by a similarly-qualified examiner. If necessary to respond to the inquiries below, schedule the Veteran for a VA examination to obtain an opinion as to the nature and etiology of his neurologic disorder. All indicated tests and studies must be accomplished and the findings reported in detail. 

All relevant medical records must be made available to the examiner for review of pertinent documents. The examination report must specifically state that such a review was conducted. The examiner must provide a comprehensive explanation for all opinions provided.

The examiner must address the following:

(a.) Identify the Veteran's neurologic disorder(s). If the examiner's diagnosis conflicts with prior diagnoses, the examiner must explain why the prior diagnoses are incorrect.

(b.) Whether each identified neurologic disorder was caused by any in-service event, injury, disease, or disorder, including because of the Veteran's presumed in-service exposure to herbicide agents.

(c.) Whether each identified neurologic disorder originated during service, including whether the reports in June 1970 of right-hand symptoms were the beginning of the current neurologic disorder(s).

(d.) Whether each identified neurologic disorder other than functional movement disorder, if any are identified, was caused by each identified acquired psychiatric disorder.

(e.) Whether each identified neurologic disorder was aggravated by each identified acquired psychiatric disorder.

IN ADDITION TO ANY RECORDS ADDED TO THE FILE IN STEP 2, the examiner's attention is drawn to the following:

*June 1970 report of medical history at service separation on which the Veteran reported swollen or painful joints and the examiner indicated that the Veteran had swelling and soreness of the fingers and joints on the right hand. VBMS Entry 7/31/2015, p. 23-24.

*June 1970 physical examination for service separation on which it was noted that the Veteran had swelling and soreness of the fingers and joints of the right hand, which started in approximately 1965, and which primarily appeared when cold. VBMS Entry 7/31/2015, p. 47.

*June 1970 service treatment record (STR) in which the Veteran was examined to rule out rheumatoid arthritis. The record states that the Veteran had morning stiffness, swelling, and tenderness in both hands, that a physical examination of his hands and feet was negative for any physical symptoms, and that there was no physical or laboratory evidence of rheumatoid arthritis. The examiner wrote that the Veteran "may develop[] Rheumatoid Arthritis clinically at some future date but this cannot be diagnosed at the present time." VBMS Entry 7/31/2015, p. 26.

*January 2017 VA treatment record in which the Veteran described his medical history and symptoms. VBMS Entry 5/23/2018, p. 59-62.

*March 2017 VA Agent Orange registry examination on which it was noted that the Veteran had an essential tremor which started in the late 1990s. VBMS Entry 5/23/2018, p. 46.

*December 2017 VA treatment record in which the Veteran described his history and symptoms, and stated that his private primary care physician and a neurologist diagnosed "essential tremor and onset Parkinson's disease." VBMS Entry 5/23/2018, p. 20.

*January 2018 VA treatment record stating a diagnosis of essential tremor versus physiologic tremor and stating that the Veteran's symptoms were not consistent with Parkinson's disease. VBMS Entry 5/23/2018, p. 14.

*April 2018 VA treatment record where the Veteran described the history of his symptoms. VBMS Entry 5/23/2018, p. 9.

*May 2018 VA neurology consult where the Veteran's symptoms were described and a "working diagnosis" of functional movement disorder was assigned. VBMS Entry 5/23/2018, p. 1-4.

*August 2018 VA neurology treatment record where the Veteran described the history of his disorder and symptoms and where the clinician indicated that the "most likely diagnoses" were functional movement disorder or adult motor tic disorder. VBMS Entry 4/13/2020, p. 24-28.

*August 2018 VA movement disorder evaluation in which the Veteran was diagnosed with functional neurological symptom disordermotor symptoms. VBMS Entry 4/13/2020, p. 13-16.

*November 2018 VA "movement disorders psychiatric follow up" in which the Veteran's symptoms were discussed and he was examined. VBMS Entry 4/13/2020, p. 257-259.

*August 2020 VA treatment record stating DSM-5 diagnoses of generalized anxiety disorder, unspecified depression disorder, and functional movement disorder. VBMS Entry 9/10/2020, p. 3.

4. AFTER OBTAINING THE RECORDS, return the file to the VA examiner who conducted the August 2020 VA PTSD examination. If the examiner is not available, have the file reviewed by a similarly qualified examiner. If necessary to respond to the inquiries below, schedule the Veteran for a VA examination to obtain an opinion as to the nature and etiology of his acquired psychiatric disorders. All indicated tests and studies must be accomplished and the findings reported in detail. 

All relevant medical records must be made available to the examiner for review of pertinent documents. The examination report must specifically state that such a review was conducted. The examiner must provide a comprehensive explanation for all opinions provided.

The examiner must address the following:

(a.) Whether each identified acquired psychiatric disorder was caused by any in-service event, injury, disease, or disorder, or in any way originated during service.

(b.) Whether each identified acquired psychiatric disorder was caused by any service-connected disorder.

(c.) Whether each identified acquired psychiatric disorder was aggravated by any service-connected disorder.

IN ADDITION TO ANY RECORDS ADDED TO THE FILE IN STEP 2, the examiner's attention is drawn to the following:

*November 2018 VA "movement disorders psychiatric follow up" in which the Veteran's symptoms were discussed and he was examined. VBMS Entry 4/13/2020, p. 257-259.

*July 2019 VA treatment record in which the Veteran described the history of his psychiatric symptoms. VBMS Entry 4/13/2020, p. 210-212.

*August 2019 VA treatment record where the Veteran described his psychiatric symptoms. VBMS Entry 4/13/2020, p. 207-208.

*September 2019 VA treatment record in which the Veteran described his psychiatric symptoms, including that some originated in or as the result of his service in Vietnam. VBMS Entry 4/13/2020, p. 200-201.

*January 2020 VA treatment record stating that the Veteran had generalized anxiety disorder and adjustment disorder related to functional movement disorder, and that he had a history of major depressive disorder. VBMS Entry 4/13/2020, p. 179.

*February 2020 VA treatment record stating that the Veteran had diagnoses of generalized anxiety disorder and depression. VBMS Entry 4/13/2020, p. 168-172.

*April 2020 VA treatment record stating that the Veteran had a history of "major depressive disorder and adjustment disorder secondary to medical conditions." VBMS Entry 9/10/2020, p. 37.

*June 2020 VA treatment record stating that the Veteran had a distant history of major depressive disorder but "more recent concerns about adjustment disorder secondary to other medical issues." VBMS Entry 9/10/2020, p. 12.

*August 2020 VA treatment record stating DSM-5 diagnoses of generalized anxiety disorder, unspecified depression disorder, and functional movement disorder. VBMS Entry 9/10/2020, p. 3.

*August 2020 VA examination report stating diagnoses of generalized anxiety disorder and unspecified depressive disorder.

 

 

Vito A. Clementi

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board J. E. Miller, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.